UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNSON GARCIA LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.  4:25-cv-04018 |
| FRED STEEVES HOPSON III and | ) | |
| HOPSON INJURY ATTORNEYS, PLLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Johnson Garcia LLP ("Johnson Garcia" or "Plaintiff"), files this Complaint against Fred Steeves Hopson III ("Mr. Hopson") and Hopson Injury Attorneys, PLLC and respectfully shows as follows:

## I.    INTRODUCTION

1.    This action seeks to stop Defendants' deliberate and unlawful infringement of Plaintiff Johnson Garcia's federally registered trademark: "**EL GRINGO Y EL MEXICANO**," as well as Defendants' related and calculated unfair competition.

2.    Plaintiff Johnson Garcia is a personal injury law firm serving thousands of clients in and around Houston, Texas, across the State of Texas, and outside of Texas. Prior to its launch on January 1, 2017, Johnson Garcia adopted a unique, Spanish mark and slogan **"EL GRINGO Y EL MEXICANO"** and immediately began using the mark in connection with its legal services.

3.    On or about May 2025, Defendant Mr. Hopson established his personal injury law firm in Houston, Texas—Defendant Hopson Injury Attorneys, PLLC (together with Mr. Hopson,

referred to herein as "Defendants"). Before founding his firm, Mr. Hopson worked as an attorney at several personal injury law firms, including Johnson Garcia.

4.      Upon launching Hopson Injury Attorneys, PLLC, and in an effort to gain a free ride off the coattails of Mr. Hopson's former employer—an established and successful competitor— Defendants intentionally copied Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark, adopting and using the confusingly similar mark "**EL GRINGO QUE HABLA ESPAÑOL**" (the "Infringing Mark").

5.      Defendants are willfully infringing on Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark. Defendants adopted "**EL GRINGO QUE HABLA ESPAÑOL**" after Mr. Hopson used his position as an employee of Johnson Garcia to learn the scope and methods of Johnson Garcia's marketing success.

6.      Since its founding, Defendants have used "**EL GRINGO QUE HABLA ESPAÑOL**" with the intention of capitalizing on Johnson Garcia's goodwill by confusing potential new clients into believing there is a connection, association, or affiliation between the two personal injury law firms that offer identical personal injury legal services to the same consumers in the same target geographical market. Defendants' actions amount to a blatant, bad faith attempt to trade on the significant goodwill Johnson Garcia has invested in and developed over almost a decade.

7.      Defendants' misconduct is neither accidental nor innocuous—it is the calculated effort of a former insider to misappropriate Johnson Garcia's goodwill, confuse vulnerable consumers, and siphon business to his fledgling firm without investing a dollar in original branding.

8.      Johnson Garcia brings this suit after requesting that Defendants cease use of the confusingly similar Infringing Mark, but Defendants refused. On information and belief, discovery will show that Defendants' continued, improper, and unauthorized use of Johnson Garcia's intellectual property, and unfair competition, has caused Johnson Garcia commercial harm through lost goodwill, reputation, and clients. That harm continues with each day Defendants continue their unlawful activity.

9.      Through this suit, Johnson Garcia seeks to protect its hard-earned reputation and its well-known brand. Johnson Garcia is entitled to preliminary and permanent injunctive relief to stop Defendants from using Johnson Garcia's intellectual property and unfairly competing with Johnson Garcia, as well as a significant award of damages that includes disgorgement of Defendants' profits, actual damages, a reasonable royalty, enhanced damages, and Johnson Garcia's reasonable attorneys' fees and other costs.

## II.      THE PARTIES

10.     The plaintiff Johnson Garcia LLP is a limited liability partnership registered in the State of Texas and has an address at 7324 Southwest Fwy, Suite 545, Houston TX 77074.

11.     The defendant Fred Steeves Hopson III is an individual residing in Houston, Texas.

12.     The defendant Hopson Injury Attorneys, PLLC is a professional limited liability company registered in the State of Texas and has a registered address at 1639 Prairie Grove Drive, Houston TX 77077 and a place of business at 5757 Woodway Dr. Suite 300 #325, Houston, TX 77057. It may be served through its registered agent, Fred Steeves Hopson III at 1639 Prairie Grove Drive, Houston TX 77077.

## III.      NATURE OF ACTION, JURISDICTION, AND VENUE

13.     Plaintiff asserts claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and trademark infringement and unfair competition

under the common law of the State of Texas, all arising from Defendants' unauthorized use of Plaintiff's trademark in connection with the marketing, advertising, promotion, and provision of Defendants' legal services, and related unfair conduct.

14.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's common law claims under 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over defendant Fred Steeves Hopson III because he resides within this judicial district, and he does business in this judicial district. This Court has personal jurisdiction over defendant Hopson Injury Attorneys, PLLC because it is a company with its principal place of business in the Southern District of Texas and it does business in this judicial district. Furthermore, this Court has personal jurisdiction over the Defendants because the conduct complained of in this Complaint occurred in this judicial district.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district; pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Texas; and pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## IV.    FACTUAL BACKGROUND

### A.  Johnson Garcia's "EL GRINGO Y EL MEXICANO" Trademark

17.     Plaintiff Johnson Garcia LLP is a prominent Houston-based personal injury law firm launched in 2017 by Daniel Johnson ("El Gringo") and Juan Garcia ("El Mexicano"). From inception, Johnson Garcia's marketing has leveraged the prominent role of Hispanic culture in Texas and Houston, influencing both Spanish speakers and non-speakers alike. While the majority

of Johnson Garcia's clientele is Hispanic, its client base is not exclusively Hispanic, and not exclusively Spanish speaking.

18.    To identify the source of its legal services, Johnson Garcia adopted the unique, Spanish mark and slogan "**EL GRINGO Y EL MEXICANO**" and began using the mark no later than January 2017, including on its websites, in radio and television advertisements, on billboards, across its social-media platforms, on its law firm signage, and on other marketing materials.

19.    Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark is distinctive and unusual in the legal industry, and more specifically, the personal injury market in at least Houston, Texas; it has been used by Plaintiff at least since 2017 and has only become stronger and acquired more distinctiveness over the years. Plaintiff searched for other marks including "El Gringo" for legal services in the federal Principal Register and did not find any other marks. Moreover, prior to Defendants' unauthorized use and conduct, Plaintiff did not identify any other potential competitor using any similar mark within the Texas legal market and, in particular, in the Houston area.

20.    Since 2017, Johnson Garcia has continuously and exclusively used the "**EL GRINGO Y EL MEXICANO**" mark in interstate commerce in connection with the advertising and rendering of legal services.

21.    Demonstrating Plaintiff's early marketing strategy focused on its "**EL GRINGO Y EL MEXICANO**" mark, and demonstrating its nationwide marketing reach, Johnson Garcia secured the domain name www.elgringoyelmexicano.com in March 2016, which redirects to the firm's Spanish-language website. The "**EL GRINGO Y EL MEXICANO**" mark likewise appears on the firm's principal English-language website, www.johnsongarcialaw.com, also

registered in 2016, in reference to the Spanish-language website, as well as on its Facebook, Instagram, X (formerly known as Twitter), and YouTube pages.

22.    Following its early adoption of the "**EL GRINGO Y EL MEXICANO**" mark, Johnson Garcia began using the mark as part of its radio and television advertising—starting with radio advertisements in or about 2018, followed by television advertisements in or about 2019.

23.    Johnson Garcia also uses its "**EL GRINGO Y EL MEXICANO**" mark in other marketing via television and other video interviews. As one example, in a May 2022 appearance by Mr. Garcia on Univision's "Despierta Houston," the televised segment displayed the "**EL GRINGO Y EL MEXICANO**" mark in the chyron, further illustrating the mark's association with Johnson Garcia in the public eye:



24.    As another example of Plaintiff's widespread use of its "**EL GRINGO Y EL MEXICANO**" mark, Johnson Garcia uses the "**EL GRINGO Y EL MEXICANO**" mark on signage, displayed at community and other local events, whereby it markets its personal injury legal services. The photo below, taken at one such event in the Houston, Texas area, on or about

May 2023, shows Johnson Garcia's use of its "**EL GRINGO Y EL MEXICANO**" mark on a tent and a banner:



25.     As another example, as early as 2024, Johnson Garcia has displayed billboards featuring the "**EL GRINGO Y EL MEXICANO**" mark, both along interstate highways in and around Houston, Texas, and along interior roads in neighborhoods in and around the Houston, Texas area. These billboards are prominently placed in the Houston area to reach a broad consumer base, including the Hispanic and Spanish-speaking audience. These billboards demonstrate Johnson Garcia's public use of its "**EL GRINGO Y EL MEXICANO**" mark. Below is one example of one such billboard displayed along an interior road in or around Houston, Texas:



26.    More recently, beginning in or about June 2025, Johnson Garcia launched a new billboard marketing campaign that includes the following billboards—one that features "EL GRINGO *Y*," and a second billboard immediately following the first along the same roadway or interstate that features "EL MEXICANO," along with other identifying law firm information, including Plaintiff's Spanish-language website URL—"ElGringoyElMexicano.com":





27.      This new marketing campaign also implements a third billboard with the full mark "**EL GRINGO Y EL MEXICANO**" with additional identifying information about Johnson Garcia, including the law firm's phone number and Spanish-language website URL— "ELGRINGOYELMEXICANO.COM":



28.     Plaintiff has invested and will invest in excess of $500,000 in this recent billboard advertising campaign alone.

29.     Johnson Garcia has also prominently displayed its "**EL GRINGO Y EL MEXICANO**" mark on social media posts and other marketing graphics. Notably, in addition to its "Johnson Garcia" business accounts on Facebook and Instagram, Plaintiff also has business accounts specifically for "**EL GRINGO Y EL MEXICANO**"—namely, "Abogados De Accidentes El Gringo Y El Mexicano" on Facebook and @elgringoyelmexicano on Instagram.

30.     As one example of Johnson Garcia's use of its "**EL GRINGO Y EL MEXICANO**" mark on social media posts and other marketing graphics, one exemplary graphic for a social media post features Mr. Johnson ("El Gringo") and Mr. Garcia ("El Mexicano") standing side-by-side, with the phrase "**EL GRINGO Y EL MEXICANO**" directly below the two law partners:



31.     Another exemplary graphic, used as the cover image on Johnson Garcia's X account—@JGinjurylawyers, features Mr. Johnson and Mr. Garcia, the firm name, several descriptors in English, the firm's phone number, and both the English-language and Spanish-language website URLs:





32.     On June 9, 2022, Plaintiff applied to register the "**EL GRINGO Y EL MEXICANO**" mark with the United States Patent and Trademark Office. The application matured to Registration No. 7,130,828 ("the '828 Registration) on the Principal Register on August 8, 2023, for "legal services" in International Class 45, thereby providing constructive nationwide notice of Plaintiff's exclusive rights under 15 U.S.C. § 1072.

33.     A true and correct copy of the registration certificate for the '828 Registration is attached hereto as **Exhibit A**. This certificate confirms Plaintiff's exclusive rights to the "**EL GRINGO Y EL MEXICANO**" mark.

34.     Over the past eight years since it began using the "**EL GRINGO Y EL MEXICANO**" mark, Johnson Garcia has invested millions of dollars—and countless hours of labor and professional skill—on its marketing and advertising efforts, and on cultivating consumer recognition of, and goodwill in, the "**EL GRINGO Y EL MEXICANO**" mark.

35.     As part of those efforts, Johnson Garcia works with an outside advertising agency to determine its marketing and advertising strategy and its brand campaign and pays accordingly for those services. Further, the members of Johnson Garcia invest their own time and labor, including by working with the outside advertising agency on the planning and execution of their marketing and advertising strategy, and on additional marketing efforts.

36.     The overwhelming majority of Plaintiff's marketing and advertising strategy is focused on Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark, and that marketing strategy has resulted in measurable success of the "**EL GRINGO Y EL MEXICANO**" mark in driving client leads for Johnson Garcia, as well as measurable success for Johnson Garcia itself.

37.     Johnson Garcia has built a positive business reputation and enjoyed business success based on its "**EL GRINGO Y EL MEXICANO**" mark. Johnson Garcia receives

- 12 -

incoming calls and electronic communications multiple times per day that relate to its "**EL GRINGO Y EL MEXICANO**" mark. And Johnson Garcia has been retained for legal services by clients that located and chose Johnson Garcia because of its "**EL GRINGO Y EL MEXICANO**" mark.

38.    Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark is distinctive to both the consuming public and Plaintiff's trade.

39.    On information and belief, local businesses, community leaders, and the Houston media now refer to Mr. Johnson as "El Gringo" and Mr. Garcia as "El Mexicano," further reinforcing the association between the mark and Plaintiff's services.

### B. Defendants' Infringing and Unfair Conduct

40.    Armed with confidential knowledge of Plaintiff's marketing strategy, Defendant Fred Steeves Hopson III—a personal injury attorney in Houston, Texas—and his firm are engaging in willful infringement of Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark and a deliberate effort to unfairly compete with Johnson Garcia.

41.    Mr. Hopson became intimately familiar with the strength and marketplace recognition of the "**EL GRINGO Y EL MEXICANO**" mark while he was employed as an associate attorney by Johnson Garcia from approximately November 2022 through May 2024.

42.    During his tenure at Johnson Garcia, Mr. Hopson worked directly on the firm's Spanish-language client matters, received emails regarding Hispanic-focused marketing, attended strategy meetings regarding the same, and generally had access to non-public information concerning Johnson Garcia's marketing and advertising strategy, and the measurable success of the "**EL GRINGO Y EL MEXICANO**" mark in driving client leads.

43.    After leaving Johnson Garcia, Mr. Hopson briefly worked at another Houston personal-injury firm from March 2024 to May 2025.

44.     In May 2025, Mr. Hopson launched his own practice—Defendant Hopson Injury Attorneys, PLLC—in Houston, Texas and the surrounding metropolitan area, the primary geographic market Plaintiff serves.

45.     Capitalizing on the goodwill that Plaintiff built, on or about May 16, 2025, Defendants began publicly advertising using the Infringing Mark "**EL GRINGO QUE HABLA ESPAÑOL**."

46.     On May 16, 2025, Mr. Hopson posted on his personal Facebook page to announce the opening of his new firm, featuring a logo that reads "**EL GRINGO QUE HABLA ESPAÑOL**" beneath "HOPSON INJURY ATTORNEYS." This post demonstrates Defendants' immediate and prominent use of the Infringing Mark in connection with Defendants' legal services as early as May 16, 2025:



**Steeves Hopson** is in **Houston.**
May 16 · 🌐

Estoy emocionado de anunciar el lanzamiento de Hopson Injury Attorneys, PLLC, junto a mi amigo, Dietrich von Biedenfeld, como Of Counsel. Nuestra misión es ofrecer una representación tenaz, personalizada y transparente a los tejanos lesionados y a sus familias. También estamos completamente comprometidos con mantenernos a la vanguardia.

¿Necesitas un abogado que hable español y comparta los valores latinos? Aquí estamos para ti—sin necesidad de traductor. Contrata un abogado que entienda tu idioma y tu cultura—"El Gringo Que Habla Español."

Gracias a mi pueblo por enseñarme la educación y cultura mexicana.

Gracias a mis papás por enseñarme el español.

Gracias a mis queridos latinos, fuera y dentro de mi país, por adoptarme y enseñarme lo bonito que es el espíritu latino—fé, familia, fuerza.

Y por encima de todo, gracias Dios por guiarme a través de los altibajos de la vida hasta este momento. Sin Él, nada es posible.

Mi gente latina: cuenta conmigo, su aliado, su admirador, su defensor.

Visítanos en www.elgringoquehablaespanol.com





47.     Defendants embed "**EL GRINGO QUE HABLA ESPAÑOL**" in virtually every facet of their marketing campaign. Defendants' Spanish-language website is accessible through the domain name www.elgringoquehabloespanol.com, which automatically redirects visitors to https://hopsoninjuryattorneys.com/es:



48.     Defendants' www.elgringoquehabloespanol.com domain name itself incorporates the Infringing Mark, directly associating Defendants' legal services with the Infringing Mark, and infringing upon and improperly trading upon Plaintiff's brand, goodwill, and reputation at Plaintiff's expense and at no expense to Defendants.

49.     The act of using "**EL GRINGO QUE HABLA ESPAÑOL**" as a domain name for Defendants' Spanish-language website in the same manner as Plaintiff uses its "**EL GRINGO Y EL MEXICANO**" mark as its domain name for its Spanish-language website evidences Defendants' bad faith and intent to cause confusion, and intent to trade off of the vast goodwill in Johnson Garcia's established and successful "**EL GRINGO Y EL MEXICANO**" mark.

50.     Defendants' LinkedIn headline identifies him as "**EL GRINGO QUE HABLA ESPAÑOL**," reproducing the Infringing Mark verbatim. A screenshot of his LinkedIn profile shows the Infringing Mark prominently displayed as a source identifier for Defendants' legal services:



51.     Defendants' Instagram business profile @hopsoninjuryattorneys, and Mr. Hopson's personal Facebook page each feature the Infringing Mark immediately below or otherwise adjacent to "Hopson Injury Attorneys," and Mr. Hopson' personal Instagram profile @steeveshopson has shared several graphics and marketing materials using the Infringing Mark. **Exhibit B** contains representative screenshots of Defendants' social media profiles and posts, demonstrating the pervasive use of the Infringing Mark across multiple platforms.

52.     Defendants' deliberate choice of the phrase "**EL GRINGO QUE HABLA ESPAÑOL**"—the verbatim words, 'El Gringo,' paired with Spanish wording leveraging the Hispanic culture in Texas and addressing the same consumers—is confusingly similar to and creates an unmistakable association with Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark and falsely suggests that Mr. Hopson's fledgling firm is sponsored by, affiliated with, or is the natural successor to Johnson Garcia. The confusion is compounded by Mr. Hopson's prior employment by Johnson Garcia.

53.     The similarity between the "**EL GRINGO Y EL MEXICANO**" mark and the Infringing Mark is further compounded by Defendants' use of identical marketing channels, including their Spanish-language domain name and webpage, social-media advertising, and other online marketing efforts targeting the same Houston-area consumers that Plaintiff serves, including the Hispanic and Spanish-speaking community.

54.     Defendants' knowing use of "**EL GRINGO QUE HABLA ESPAÑOL**" in the exact channels where Mr. Hopson knows Johnson Garcia enjoyed market dominance is a common hallmark of willful trademark infringement and trading on Johnson Garcia's brand and goodwill.

**C. *Notice of Infringement, Demand to Cease Use, and Defendants' Continued Willful Infringement and Unfair Conduct***

55.     On July 15, 2025, Daniel Johnson of Johnson Garcia emailed Mr. Hopson demanding that Defendants cease using "**EL GRINGO QUE HABLA ESPAÑOL**" because of its confusing similarity to Johnson Garcia's "**EL GRINGO Y EL MEXICANO**" mark. Mr. Hopson, through counsel, acknowledged the issue on July 18, 2025, and promised a substantive response by July 31, 2025.

56.     Plaintiff's counsel followed with a second cease-and-desist letter on July 25, 2025, outlining Johnson Garcia's registered rights and the likelihood of consumer confusion under 15 U.S.C. §§ 1114 and 1125(a). Mr. Hopson did not provide a substantive response by July 31, 2025.

57.     On August 10, 2025, Mr. Hopson responded, through his counsel.  In that response, he did not deny knowledge of the "**EL GRINGO Y EL MEXICANO**" mark but instead stated that Defendants "would not cease use" and threatened to initiate cancellation proceedings against Plaintiff's federal registration.

58.     Defendants' written refusal to cease its unauthorized and unlawful conduct, attached as **Exhibit C**, eliminates any doubt regarding intentionality. Defendants' refusal leaves Plaintiff with no adequate remedy short of judicial intervention.

### D. *Irreparable Harm*

59.     Defendants' use of its Infringing Mark "**EL GRINGO QUE HABLA ESPAÑOL**" is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of Defendants' legal services. By using the Infringing Mark, Defendants are capitalizing on the established reputation and goodwill of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark. Defendants' unauthorized use is intended and likely to mislead consumers into believing, mistakenly, that Defendants' legal services offered under the Infringing Mark originate from, are associated with, affiliated with, or endorsed by, sponsored by, or otherwise authorized by Plaintiff.

60.     Plaintiff continues to expend substantial resources to police and safeguard the "**EL GRINGO Y EL MEXICANO**" mark, yet the value of the mark and Plaintiff's reputation are being harmed daily through Defendants' infringement and unfair competition.

61.     Defendants' actions are willful and in bad faith. Mr. Hopson's prior access to Plaintiff's internal marketing and business information, coupled with Defendants' adoption of the confusingly similar "**EL GRINGO QUE HABLA ESPAÑOL**" mark, in a confusingly similar way, and targeting of the same consumers, including the Hispanic and Spanish-speaking consumer base, in the same Houston metropolitan area, demonstrate an intentional scheme to "free-ride" on Johnson Garcia's hard-earned goodwill rather than develop an independent brand.

62.     By appropriating Johnson Garcia's distinctive "**EL GRINGO Y EL MEXICANO**" mark, Defendants are diverting business away from Plaintiff, eroding Plaintiff's market share, damaging Plaintiff's professional reputation, and unjustly enriching themselves—

all in violation of the Lanham Act and Texas common law principles designed to protect fair competition and prevent consumer confusion.

63.     Unless enjoined, Defendants will continue to trade on Plaintiff's goodwill, exacerbate consumer confusion, and irreparably harm Plaintiff's brand equity. Prompt preliminary and permanent injunctive relief and monetary redress are therefore necessary to protect Plaintiff, the integrity of the trademark system, and the consuming public.

## V.     CAUSES OF ACTION

### COUNT I: INFRINGEMENT OF FEDERAL TRADEMARK

64.     Plaintiff repeats and re-alleges the facts and allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

65.     Plaintiff owns exclusive rights to the "**EL GRINGO Y EL MEXICANO**" mark, including under the '828 Registration, which is entitled to full recognition and protection under federal trademark law.

66.     Defendants' unauthorized use, copy, variation, simulation, or colorable imitation of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark in commerce, as alleged herein, is likely to deceive consumers as to origin, source, sponsorship, or affiliation of Defendants' legal services, and is likely to cause consumers to believe, contrary to fact, that Defendants' legal services are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

67.     Defendants do not have Plaintiff's consent to use Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark.

68.     Defendants are using the Infringing Mark "**EL GRINGO QUE HABLA ESPAÑOL**" in commerce.

69.    Defendants' unauthorized acts as alleged herein therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).

70.    Defendants have committed and continue to commit the foregoing acts of infringement with full knowledge of Plaintiff's longstanding and exclusive prior use and rights in the "**EL GRINGO Y EL MEXICANO**" mark and the '828 Registration, and with the willful intent to cause confusion and trade on Plaintiff's goodwill and reputation.

71.    Defendants' deliberate adoption of "**EL GRINGO QUE HABLA ESPAÑOL**" and prominent use of "**EL GRINGO QUE HABLA ESPAÑOL**" in Defendants' marketing and promotional materials, and Defendants' continued use of "**EL GRINGO QUE HABLA ESPAÑOL**" after Plaintiff asked Defendants to cease use of the Infringing Mark, is designed to infringe Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark, cause confusion, and trade on Plaintiff's goodwill and reputation.

72.    There is a strong likelihood of confusion based on the striking similarity between Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark and "**EL GRINGO QUE HABLA ESPAÑOL**"—namely, the verbatim words, 'El Gringo,' paired with Spanish wording leveraging the Hispanic culture in Texas and addressing the same consumers—and based on identical personal injury legal services offered by both Johnson Garcia and Defendants, and the same target geographical market.

73.    The target consumers of the personal injury legal services offered by Johnson Garcia and Defendants are typically not frequent users of the legal system and have limited prior experience with legal disputes and attorneys.

74.     Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark is strong and distinctive in the relevant personal injury market in at least Houston, Texas and the surrounding metropolitan area.

75.     Because of Defendants' above-described conduct, Plaintiff has suffered, will suffer and/or continues to suffer damages, in an amount to be proven at trial, including, without limitation, the loss of revenue and reputation but for Defendants' acts, and the loss of goodwill and exclusivity in Plaintiff's trademark, including diversion of prospective clients and loss of control over Plaintiff's reputation among potential consumers, including Hispanic and Spanish-speaking consumers.

76.     Because of Defendants' above-described conduct, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

77.     Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Plaintiff has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Plaintiff's trademark as well as confusion and deception among consumers. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

78.     Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Plaintiff's rights. Plaintiff is entitled to recover treble damages, Plaintiff's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117. Defendants' infringement is 'exceptional' within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

79.     Plaintiff repeats and re-alleges the facts and allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

80.     Plaintiff owns exclusive rights to the "**EL GRINGO Y EL MEXICANO**" mark, including under the '828 Registration, which is entitled to full recognition and protection under federal trademark law.

81.     Defendants' unauthorized use, copy, variation, simulation, or colorable imitation of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark in commerce, as alleged herein, is likely to deceive consumers as to origin, source, sponsorship, or affiliation of Defendants' legal services, and is likely to cause consumers to believe, contrary to fact, that Defendants' legal services are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

82.     Defendants do not have Plaintiff's consent to use its "**EL GRINGO Y EL MEXICANO**" mark.

83.     Defendants are using the Infringing Mark "**EL GRINGO QUE HABLA ESPAÑOL**" in commerce.

84.     Defendants' unauthorized acts as alleged herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.     Defendants have committed and continue to commit the foregoing unauthorized acts as alleged herein with full knowledge of Plaintiff's longstanding and exclusive prior use and rights in the "**EL GRINGO Y EL MEXICANO**" mark, and Defendants' conduct as alleged herein is willful and intended to and is likely to cause confusion, mistake, or deception among consumers that Defendants' services are affiliated, connected to, sponsored by, or otherwise originate from Plaintiff.

86.    Because of Defendants' above-described conduct, Plaintiff has suffered, will suffer, and continues to suffer damages including, without limitation, the loss of revenue and reputation but for Defendants' acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in Plaintiff's trademark.

87.    Because of Defendants' above-described conduct, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

88.    Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Plaintiff has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Plaintiff's trademark as well as confusion and deception among consumers. Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

89.    Defendants' actions were taken in willful, deliberate, and/or intentional disregard of Plaintiff's rights. Plaintiff is entitled to recover treble damages, Plaintiff's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117. Defendants' infringement is 'exceptional' within the meaning of 15 U.S.C. § 1117(a).

## **COUNT III: INFRINGEMENT OF COMMON LAW TRADEMARK**

90.    Plaintiff repeats and re-alleges the facts and allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

91.    Plaintiff is the owner of the mark "**EL GRINGO Y EL MEXICANO**" and has been using that mark continually since at least January 2017 in connection with its legal services in Texas.

92.    Defendants began using the mark "**EL GRINGO QUE HABLA ESPAÑOL**" after Plaintiff had been using its "**EL GRINGO Y EL MEXICANO**" mark.

93.     Defendants are using the mark "**EL GRINGO QUE HABLA ESPAÑOL**" in Texas in connection with legal services.

94.     Defendants' use of its "**EL GRINGO QUE HABLA ESPAÑOL**" mark is likely to cause confusion among consumers with Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark as to the affiliation, connection, or association of Defendants' legal services with those of Plaintiff.

95.     Because of Defendants' above-described conduct, Plaintiff has suffered and continues to suffer damages including, without limitation, unjust enrichment damages, in an amount to be proven at trial.

96.     Unless enjoined by this Court, Defendants' above-described conduct will cause irreparable injury, for which Plaintiff has no adequate remedy at law, in the nature of injury to the reputation and goodwill of Plaintiff as well as confusion and deception among consumers.

97.     Defendants' acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiff's rights and with intent to cause confusion, and to trade off of the vast goodwill in Plaintiff's trademark, making this an exceptional case and entitling Plaintiff to enhanced damages and attorney's fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

98.     Plaintiff repeats and re-alleges the facts and allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

99.     Defendants' use of its "**EL GRINGO QUE HABLA ESPAÑOL**" is intended to trade on Plaintiff's investment in and goodwill surrounding the "**EL GRINGO Y EL MEXICANO**" in a manner that is contrary to honest practice in business matters.

100.     Defendants' actions were carried out for the purpose of securing a business advantage and have resulted in commercial harm to Plaintiff.

101.    Defendants' acts as alleged herein constitute infringement and are likely to cause confusion, mistake, and/or deceive consumers into falsely believing that there exists an affiliation, connection, or association between Defendants and Plaintiff and damages Plaintiff's ability to compete.

102.    Plaintiff has suffered actual damages as a proximate cause of Defendants' conduct, at least through lost goodwill, reputation, and clients.

103.    Defendants' acts as alleged herein have caused and will continue to cause Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law, in that (i) Plaintiff has unique and valuable property rights in its **"EL GRINGO Y EL MEXICANO"** mark; (ii) Defendants' trademark infringement constitutes a substantial interference with Plaintiff's goodwill and customer relationships; and (iii) Defendants' activities, and the harm resulting to Plaintiff, continues. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT V: COMMON LAW UNFAIR COMPETITION BY MISAPPROPRIATION

104.    Plaintiff repeats and re-alleges the facts and allegations set forth in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

105.    Plaintiff competes with Defendants in the provision of legal services, including legal services related to personal injury.

106.    Plaintiff created its trademark **"EL GRINGO Y EL MEXICANO,"** related brand, goodwill, and marketing strategy through extensive time, labor, skill and money. Additionally, Plaintiff has spent and continues to spend significant time, skill, labor, and money on their marketing and advertising efforts related specifically to its **"EL GRINGO Y EL MEXICANO"** mark and branding campaign.

107.    Defendants are using the Infringing Mark "**EL GRINGO QUE HABLA ESPAÑOL**" and Plaintiff's marketing strategy in direct competition with Plaintiff and have gained a special advantage in the competition as a result. For example, Defendants are unfairly competing with Plaintiff by misappropriating Plaintiff's confidential business information regarding its marketing and advertising practices and related success of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark to launch their own Infringing Mark ("**EL GRINGO QUE HABLA ESPAÑOL**") and to improve the perceived quality and reliability of Defendants' personal injury legal services.

108.    Further, Defendants' use of the Infringing Mark, which is confusingly similar to Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark in their unauthorized marketing materials creates competition with Plaintiff, thereby conferring Defendants with a special advantage in that competition because Defendants are burdened with little or none of the expense incurred by Plaintiff.

109.    Defendants' unauthorized, intentional, willful, and bad faith acts and practices as alleged herein constitute unfair competition in violation of Texas common law.

110.    Upon information and belief, the aforementioned conduct of Defendants will result in the misappropriation of and trading upon Plaintiff's brand, goodwill, and reputation at Plaintiff's expense and at no expense to Defendants—*i.e.*, giving Defendants a competitive advantage or "free ride" off Johnson Garcia's established and stellar reputation in the market. The effect of Defendants' misappropriation of the goodwill symbolized by Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark is to unjustly enrich Defendants, damage Plaintiff, confuse and/or deceive the public, divert clients from Plaintiff, erode Plaintiff's market share and business opportunities, and harm Plaintiff's brand and reputation.

111.    Because of Defendants' unfair competition, Plaintiff has suffered irreparable harm to Plaintiff's trademark, brand, goodwill, and its reputation in the industry. Unless Defendants' conduct is restrained, Plaintiff will continue to be irreparably harmed.

112.    Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

113.    Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief and an award of actual damages, Defendants' profits, lost profits, and enhanced damages, reasonable attorneys' fees, and any other damages and further relief as may be deemed appropriate under Texas common law in an amount to be proved at trial.

## VI.    JURY DEMAND

114.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A.  For judgment that:

  a.  Defendants have engaged in Federal Trademark Infringement in violation of 15 U.S.C. § 1114;

  b.  Defendants have engaged in Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a);

  c.  Defendants have engaged in Trademark Infringement in violation of the common law of the State of Texas;

  d.  Defendants have engaged in Unfair Competition in violation of the common law of the State of Texas; and

  e.  Defendants have engaged in Unfair Competition by Misappropriation in violation of the common law of the State of Texas.

B. For a preliminary injunction and, thereafter, a permanent injunction after hearing on the matter:

    a. Restraining, barring, and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants (or their agents) from:

        i. Using "**EL GRINGO QUE HABLA ESPAÑOL**" and any slogan or mark incorporating the "**EL GRINGO Y EL MEXICANO**" mark, and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark in any manner or form, on or in connection with Defendants' legal services, and in the marketing, advertising and promotion of the same, including in any domain name;

        ii. imitating, copying or making any unauthorized use of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark and/or any copy, simulation, variation or imitation thereof;

        iii. making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' legal services marketed under "**EL GRINGO QUE HABLA ESPAÑOL**" are in any manner associated or affiliated with or approved, endorsed, sponsored, authorized, or are otherwise connected with Plaintiff;

        iv. using in connection with the rendering, offering, advertising, or promotion of any services, any false description, false representation, or false designation of origin, or any marks, names, words, or slogan which falsely associate such services with Plaintiff or tend to do so;

        v. registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin, the Infringing Mark in connection with Defendants' legal services, whether alone or in combination with any other words or designs, or any other mark, name, or slogan that infringes on or is likely to be confused with Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark;

        vi. engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's "**EL GRINGO Y EL MEXICANO**" mark, or confusingly similar variation of Plaintiff's rights therein; and

- 28 -

      vii. aiding, assisting, or abetting any other party in doing any act prohibited by sub-paragraphs (i) through (vi).

    b. Directing that Defendants deliver for destruction any marketing materials, advertisements, or other materials in its possession or under its control, incorporating "**EL GRINGO QUE HABLA ESPAÑOL**" in connection with their legal services, and cease use of any domain name incorporating "**EL GRINGO QUE HABLA ESPAÑOL**."

    c. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that the legal services offered by Defendants are authorized by Plaintiff or related in any way to Plaintiff or Plaintiff's legal services.

    d. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment or order, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

C. An order:
    a. Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' trademark infringement and unfair competition;

    b. Awarding Plaintiff all profits generated from Defendants' trademark infringement and unfair competition and all actual damages suffered by Plaintiff as a result of Defendants' trademark infringement and unfair competition;

    c. Awarding Plaintiff damages, attorneys' fees, and costs to the fullest extent provided for by the United States statute and the common law of Texas;

    d. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

    e. Finding this is an exceptional case and awarding Plaintiff enhanced damages and attorneys' fees;

    f. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees;

    g. Awarding Plaintiff pre-judgment and post-judgment interest; and

    h. Awarding Plaintiff such other and further relief as this Court deems just and equitable.

D. For such other and further relief—legal or equitable—as the Court deems just and proper to deter Defendants and protect the consuming public.

Dated: August 25, 2025

Respectfully submitted,

*/s/ M. Natalie Alfaro Gonzales*
M. Natalie Alfaro Gonzales
*Attorney-in-Charge*
State Bar No. 24069286
SDTX Bar No. 2156355
ngonzales@yettercoleman.com
Jeffrey A. Andrews
State Bar No. 24050227
SDTX Bar No. 608251
jandrews@yettercoleman.com
Bailey Watkins
State Bar No. 24102244
SDTX Bar No. 3925065
bwatkins@yettercoleman.com
**YETTER COLEMAN LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000
Facsimile: (713) 632-8002

*Attorneys for Plaintiff Johnson Garcia LLP*